**INTERSTATE COMMERCE COMMIS-
SION, Plaintiff,**

v.

**George T. APPLEYARD, III, et al.,
Defendants.**

**No. C-216-WS-69.**

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

Jan. 18, 1974.

J. Preston Proffitt, Jr., Atlanta, Ga., for plaintiff.

Norman B. Smith, Greensboro, N. C., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND OPINION

GORDON, Chief Judge.

This cause having come on for consideration by the Court upon the complaint of the plaintiff, the answers of the defendants, the pleadings, the evidence and exhibits presented at the trial on October 15, 1973, the briefs and representations of the parties, and the Court having considered each of the foregoing, now pursuant to Rule 52 of the Federal Rules of Civil Procedure, makes it Findings of Fact and Conclusions of Law.

### Findings of Fact

1. This is a civil action brought by the Interstate Commerce Commission under the provisions of Part II of the Interstate Commerce Act (49 U.S.Code, § 301 et seq.), and particularly 49 U.S. Code § 322(b) and under the general laws and rules relative to suits in equity arising under the Constitution and laws of the United States. By its complaint, the plaintiff seeks to perpetually and permanently enjoin the defendant George T. Appleyard, III, from transporting or holding out to transport property by motor vehicle in interstate commerce over public highways for compensation as a common or contract carrier until such time, if at all, as appropriate authority to engage in such transportation has been obtained, and that James W. Cain and Michael Parkhurst be perpetually enjoined and restrained from, in any manner, directly or indirectly, acting in concert or participating with said George T. Appleyard, III, or others, in the unlawful transportation of property in interstate commerce.

2. By order entered and filed on January 13, 1972, the defendant, Michael Parkhurst, was perpetually enjoined and restrained from, in any manner, directly or indirectly, knowingly acting in concert or participating with defendant George T. Appleyard, III, or others, in the unlawful transportation of property in interstate commerce.

3. The defendant, George T. Appleyard, III, was and is a resident of the State of North Carolina, at Winston-Salem, which is in the Middle District of North Carolina; that he is and was engaged in the transportation of property in interstate commerce by motor vehicle, for compensation, on public highways, as a for-hire carrier within the Middle District of North Carolina; that he in fact did perform the transportation set out in Paragraph V of plaintiff's complaint, without having first obtained a certificate of public convenience and necessity, a permit, or other authority from the Interstate Commerce Commission (Final Pre-Trial Order entered April 20, 1972.)

4. The defendant James W. Cain was a resident of the State of California when this suit was filed; that at that time he was the manager of Overdrive Magazine; that he did in fact deal with defendant George T. Appleyard, III, on behalf of said magazine in making arrangements with defendant Appleyard for the transportation of a shipment of chipboard in interstate commerce as detailed in Paragraph V of plaintiff's complaint. (Final Pre-Trial Order entered April 20, 1972.)

5. The defendants George T. Appleyard, III, and James W. Cain, or either

of them, have never been granted a certificate of public convenience and necessity or a permit or any other form of operating authority by the Interstate Commerce Commission. (Final Pre-Trial Order entered April 20, 1972.)

6. The defendant George T. Appleyard, III, has acknowledged to representatives of the Interstate Commerce Commission that he has engaged in other acts of unauthorized transportation, that he plans to continue such operations and that both he and the defendant James W. Cain have and continue to claim a legal right to engage in the transportation of regulated commodities without first obtaining appropriate operating authority from the Interstate Commerce Commission. (Response to Requests for Admissions filed by defendant George T. Appleyard, III, on or about June 18, 1970, Response to Requests for Admissions filed by defendant James W. Cain on or about July 25, 1970, and Final Pre-Trial Order entered April 20, 1972.)

7. In view of the past and present conduct of the defendants, George T. Appleyard, III, and James W. Cain, and of their continued claims that the operations and transportation hereinabove described was not and is not in violation of the law, it is apparent that there is a likelihood of a continuation of such conduct in the future.

### DISCUSSION

 Superficially, this case is as cut and dried as any which has come before the Court in some time. Yet, it should not be inferred that the action is viewed as frivolous, for, to the contrary, defendants' position has much equitable appeal and engenders sympathy from fair minded men. Defendants have lucidly and comprehensively presented the plight of the truck-tractor, owner-operator (the little man, if you will), caught up in the seemingly inscrutable web of Interstate Commerce Commission (I.C.C.) regulations. This is not meant to imply that plaintiff's position is unreasonable or shocking to the Court's conscience, for the Court should not and

will not come to defendants' aid on the facts of this controversy.

In their brief, page 23, defendants state: "Very recently the [Supreme] Court has used substantive due process under the Fourteenth Amendment to strike down abortion laws in Texas and Georgia. Roe v. Wade, 41 Law Week 4213 [410 U.S. 113, 93 S.Ct. 705, 35 L. Ed.2d 147] (1973); Doe v. Bolton, 41 Law Week 4233 [410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201] (1973)." Upon this and other older authority, defendants contend that the Court should invoke substantive due process and refuse to enforce certain I.C.C. regulations which they deem to be unfair. To do so, defendants argue, would not place the Court in the position of sitting as a "superlegislature", because the Court is asked only to disapprove of I.C.C. regulations and policy, and not legislation.

With these premises the Court cannot agree. As recently as December 5, 1973, in North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc., 414 U.S. 156, 94 S.Ct. 407, 38 L.Ed.2d 379, the Supreme Court in no uncertain terms emphasized that substantive due process has been permanently consigned to the trash bin of legal history.

> "*Liggett,* [Liggett Co. v. Baldridge, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204], decided in 1928, belongs in that vintage of decisions which exalted substantive due process by striking down state legislation which a majority of the Court deemed unwise." Snyder's Drug Stores, Inc., *supra,* 94 S.Ct. at 412.

That the Court is asked here to review federal agency regulations rather than a state or federal statute is immaterial. By virtue of 49 U.S.C. § 322(b), the regulations of the I.C.C. have the force and effect of statutory law and must be so treated by the Court.

In Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963), relied upon in Snyder's Drug Stores, Inc., *supra,* the Court said:

> "We refuse to sit as a 'superlegislature to weigh the wisdom of legisla-

tion,' and we emphatically refuse to go back to the time when courts read the Due Process Clause 'to strike down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought.' Nor are we willing to draw lines by calling a law 'prohibitory' or 'regulatory.' Whether the legislature takes for its textbook Adam Smith, Herbert Spencer, Lord Keynes, or some other is no concern of ours. The Kansas debt adjusting statute may be wise or unwise. But relief, if any be needed, lies not with us but with the body constituted to pass laws for the State of Kansas." Ferguson v. Skrupa, 372 U.S. 726, 731–732, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93 (1963).

In the final analysis, it is felt that defendants' contentions are essentially economic policy disagreements with the I. C.C. and are, therefore, not properly the subject of review or revision by the Court. Defendants' remedy, if any be needed, lies with the I.C.C. and ultimately Congress.

### Conclusions of Law

1. From a review of the pleadings, oral testimony, and briefs and presentations of the parties, it is concluded that the complaint states a cause of action against said defendants under Part II of the Interstate Commerce Act (Title 49, U.S.Code, Section 301 et seq.), and Section 2 of the Elkins Act (Title 49, U.S. Code, Section 42), and that this Court has jurisdiction of the cause by reason of the provisions of 49 U.S.Code § 322(b).

2. The Court further concludes that the defendant George T. Appleyard, III, has, on certain occasions, operated as a for-hire common or contract carrier by motor vehicle, for compensation, in interstate commerce over public highways and that such operations were performed in violation of 49 U.S.C. §§ 303(c), 306(a) and 309(a), and that the defendant James W. Cain has acted in concert and participated with the defendant George T. Appleyard, III, in the commission of certain of such violations of the Interstate Commerce Act.

3. The Court further concludes that because of defendant Appleyard's prior violations of the Act, and the participation therein of the defendant Cain, and the continued insistence by both said defendants that such conduct is not unlawful, a reasonable likelihood exists that violations of Title 49 U.S.C. §§ 303(c), 306(a) and 309(a) might occur in the future unless a permanent injunction is issued.

4. That the acts and operations of said defendants George T. Appleyard, III, and James W. Cain, and each of them, constitute violations of Sections 203(c), 206(a) and 209(a) of Part II of the Interstate Commerce Act (49 U.S.C. §§ 303(c), 306(a) and 309(a)), and, as such, are subject to be enjoined by this Court upon application of the Interstate Commerce Commission under the express provisions of Section 222(b) of the Interstate Commerce Act (49 U.S.C. § 322(b)).

That a judgment allowing the injunction prayed for in the plaintiff's complaint will be entered.